

## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

| | |
|---|---|
| CHARLES JOHNSON,<br><br>*Plaintiff and Appellant,*<br><br>v.<br><br>POINT BRIDGE CAPITAL, LLC,<br><br>*Defendant and Appellee.* | 25-10919<br><br>MOTION FOR<br>STAY OF<br>JUDGMENT<br>PENDING APPEAL |

## RELIEF SOUGHT

Charles Johnson, appellant in this entitled case, moves the Court to stay the enforcement of the judgment pending the disposition of this appeal. Mr. Johnson also moves this Court, if it requires a bond as a condition for a stay of enforcement of the judgment, to require the appellant to pledge assets to a Federal escrow account monitored by the Court.

## ACTION TAKEN IN DISTRICT COURT

1. On September 30, 2025, appellant applied for relief pending the appeal in this matter, in particular for a stay of the judgment issued by the District Court.

2. The District Court, in its discretion, refused to grant the relief requested.

3. The District Court did not provide reasoning behind its denial of the motion. A copy of the district court's Order on Motion for Miscellaneous Relief is attached to this Motion as "Exhibit A".

## REASON WHY INTERIM RELIEF IS NEEDED

4. Appellant needs a stay of enforcement of the District Court's judgment to complete transactions necessary for the appellant's defense and safekeeping of family assets.

5. This action involved the appellees seeking a cause against Mr. Johnson under the RICO act alleging theft, extortion, and wire fraud. ECF No. 1 at 44.

6. The judgment that is being appealed provided for $71,000,000 in damages. A copy of the judgment is attached to this Motion as "Exhibit B".

7. The relief sought is needed to preserve the status quo during the appeal.

8. The appellant is willing to supply reasonably security to ensure payment of the damages caused by any delay. The appellant is appealing the punitive damages award of $71,000,000. In his original District Court motion, the appellant offered to pledge assets to a Federal escrow account to be monitored by the Court during proceedings in lieu of a bond.

## RECORD FOR MOTION

10. In addition, the following portions of the district court record are attached, as required by Rule 8(a)(2)(B)(iii) of the Federal Rules of Appellate Procedure:

    a. The judgment dated July 29, 2025;

Dated: October 2, 2025        Respectfully submitted,

        /s/ Charles Johnson

        1624 Fieldthorn Drive Reston, VA 20194

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

POINT BRIDGE CAPITAL, LLC,
ET AL.,

    Plaintiffs,

v.                                                     No. 4:24-cv-00988-P

CHARLES JOHNSON,

    Defendant.

## ORDER

Before the Court is Defendant Charles Johnson's Motion to Stay Enforcement of Judgment Without Bond ("Motion"). ECF No. 113. Johnson's Motion requests that the Court stay enforcement of the judgment so that he can "complete transactions necessary for [his] defense and safekeeping of family assets." *Id.* Having reviewed the Motion and the applicable law, the Court concludes that the Motion should be, and it is hereby, **DENIED**.

**SO ORDERED** on this **1st day of October 2025.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

POINT BRIDGE CAPITAL, LLC,
ET AL.,

    **Plaintiffs,**

v.

CHARLES JOHNSON,

    **Defendant.**

No. 4:24-cv-00988-P

## FINAL JUDGMENT

This final judgment is issued pursuant to Federal Rule of Civil Procedure 58(a). The Clerk of the Court shall transmit a true copy of this judgment to the parties. In accordance with the Jury's Verdict and the Court's rulings, judgment is hereby entered in favor of Plaintiffs as follows:

For Defendant's predicate acts constituting a pattern of racketeering activity, the jury found that Plaintiff Hal Lambert is entitled to recover $7,500,000.00. Pursuant to 18 U.S.C. § 1964(c), this RICO award must treble, entitling Plaintiff Lambert to **$22,500,000.00**.

For Defendant's predicate acts constituting a pattern of racketeering activity, the jury found that Plaintiff Point Bridge Capital is entitled to recover $8,000,000.00. Pursuant to 18 U.S.C. § 1964(c), this RICO award must treble, entitling Plaintiff Point Bridge Capital to **$24,000,000.00**.

For the general and specific damages that were proximately caused by Defendant's defamatory statements, the jury found that Plaintiff Lambert is entitled to recover **$9,500,000.00**.

For Defendant's fraud, malice, or gross negligence, the jury also awarded Plaintiff Lambert exemplary damages in the amount of **$15,000,000.00**.

For these reasons, and in accordance with Federal Rule of Civil Procedure 58 and the Court's inherent authority, it is **ORDERED** that Plaintiff Lambert shall recover **$47,000,000.00** from Defendant Johnson. Furthermore, it is **ORDERED** that Plaintiff Point Bridge Capital shall recover **$24,000,000.00** from Defendant Johnson.

Further, it is **ORDERED** that Plaintiffs shall recover from Defendant Johnson the cost of the suit and reasonable attorney's fees. On due consideration of the hours and expenses incurred in pursuing the compensable claims, it is **ORDERED** that Plaintiffs shall collectively recover **$1,033,130.00** in fees and costs from Defendant Johnson.

**SO ORDERED** on this **29th day of July 2025.**

**MARK T. PITTMAN**
**UNITED STATES DISTRICT JUDGE**

Align top of FedEx® shipping label here.



ORIGIN ID:BCBA  (617) 429-4718
CHARLES JOHNSON

1624 FIELDTHORN DR
RESTON, VA 20194
UNITED STATES US

TO U.S. COURT OF APPEALS
THE FIFTH CIRCUIT
600 S MAESTRI PL
STE 115
NEW ORLEANS LA 70130
(000) 000-0000      REF:

SHIP DATE: 03OCT25
ACTWGT: 0.20 LB
CAD: 6572020/ROSA2650

INV:
PO:                                    DEPT:



FedEx
Express

E

REL#
3785346

TRK#
0201    8848 8866 7972

TUE – 07 OCT 5:00P
** 2DAY **

SS MSYAG

NEWA 70130
LA-US  MSY

Envelo

Recycle

056

