

U.S. COURT OF APPEALS
RECEIVED
NOV 04 2025
FIFTH CIRCUIT

# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

| | |
|---|---|
| CHARLES JOHNSON, ) | 25-10919 |
| ) | |
| *Defendant and Appellant,* ) | AMENDED |
| ) | MOTION FOR |
| ) | STAY OF |
| v. ) | JUDGMENT |
| ) | PENDING APPEAL |
| ) | |
| POINT BRIDGE CAPITAL, LLC, ) | |
| ) | |
| *Plaintiff and Appellee.* ) | |
| ) | |
| ) | |

## RELIEF SOUGHT

Charles Johnson, appellant in this entitled case, moves the Court to stay

the enforcement of the judgment pending the disposition of this appeal. Mr.

Johnson also moves this Court, if it requires a bond as a condition for a stay of

enforcement of the judgment, to require the appellant to pledge assets to a Federal

escrow account monitored by the Court.

## ACTION TAKEN IN DISTRICT COURT

1. On September 30, 2025, appellant applied for relief pending the appeal in this matter, in particular for a stay of the judgment issued by the District Court.

2. The District Court, in its discretion, refused to grant the relief requested.

3. The District Court did not provide reasoning behind its denial of the motion. A copy of the district court's Order on Motion for Miscellaneous Relief is attached to this Motion as "Exhibit B".

## ACTION TAKEN IN THE COURT OF APPEALS

4. On October 6, 2025, appellant applied for relief pending the appeal, after having done so in the District Court.

5. On October 28, 2025, the Court of Appeals denied this motion, but added that the denial does not prevent the appellant from filing a renewed motion that would demonstrate the likelihood of success on the merits and complies with Rule 8(a)(2) of the Federal Rules of Appellate Procedure. A copy of this order is attached to this Motion as "Exhibit A".

## REASON WHY INTERIM RELIEF IS NEEDED

6. Appellant needs a stay of enforcement of the District Court's judgment to complete transactions necessary for the appellant's defense and safekeeping of family assets.

7. This action involved the appellees seeking a cause against Mr. Johnson under the RICO act alleging theft, extortion, and wire fraud. ECF No. 1 at 44.

8. The judgment that is being appealed provided for $71,000,000 in damages. A copy of the judgment is attached to this Motion as "Exhibit C".

9. The relief sought is needed to preserve the status quo during the appeal.

10. The appellant is willing to supply reasonable security to ensure payment of the damages caused by any delay. The appellant is appealing the punitive damages award of $71,000,000. In his original District Court motion, the appellant offered to pledge assets to a Federal escrow account to be monitored by the Court during proceedings in lieu of a bond, in the event that the Court found that a bond was necessary in order to issue the stay.

## ADDRESSING THE RELEVANT STANDARD

11. Courts consider four separate factors when weighing whether to grant a motion to stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987); *Nken v. Holder*, 556 U.S. 418, 426, 129 S. Ct. 1749, 1756 (2009).

## I. Likelihood of Success on the Merits

12. In addressing the likelihood of success on the merits, it should be noted the level to which the movant must make a showing that they are likely to succeed:

> on motions for stay pending appeal the movant need not always show a "probability" of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities *weighs heavily* in favor of granting the stay.

*Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. Unit A 1981); *Plaquemines Par. v. Chevron United States, Inc.*, 84 F.4th 362, 373 (5th Cir. 2023).

13. The judgment against appellant Johnson stems from the entry of a default judgment on the issues of the District Court case. Johnson objected that discovery was overbroad, burdensome, and, in key respects, sought information protected by the qualified reporter's privilege. See *Miller v. Transamerican Press, Inc.*, 621 F.2d 721 (5th Cir. 1980), as modified, 628 F.2d 932 (5th Cir. 1980); *In re Selcraig*, 705 F.2d 789 (5th Cir. 1983); Tex. Civ. Prac. & Rem. Code §§ 22.021–027.

14. A default judgment can be overturned provided that "good cause exists to set [it] aside" after the court "examine[s] the following factors: 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 500 (5th Cir. 2015).

15. In the District Court case, the default judgment was issued on the basis that appellant Johnson failed to comply with discovery orders. ECF No. 73 p. 7. The record indicates that Johnson was willing to comply with discovery orders, but objected to the burdensomeness presented by overly broad search terms. ECF No. 63, p. 6, 1-5. Additionally, aspects of the overly broad discovery order were unable to be met by Johnson due to the default operation of the technology involved and not through his own will. ECF No. 55, p. 30, 6-7. The Fifth Circuit

has found that issues such as misrepresentation during discovery by the opposing party can serve as a basis for a finding of non-willfulness related to a disputed default judgment. *Beitel v. OCA, Inc.* (In re OCA, Inc.), 551 F.3d 359, 371 (5th Cir. 2008).

16. Setting aside the default judgment would, in effect, preserve Johnson's answers to plaintiff's claims, which would not cause prejudice toward the plaintiff. See *Wooten* at 500.

17. Additionally, appellant Johnson has a meritorious defense through the qualified reporter's privilege. In civil actions, the Fifth Circuit has held that because "the public has much less of an interest in the outcome of civil litigation, in civil cases [...] the interests of the press may weigh far more heavily in favor of some sort of privilege" *United States v. Smith*, 135 F.3d 963, 972 (5th Cir. 1998). Given Johnson's meritorious defense through the qualified reporter's privilege, the lack of prejudice in setting aside the default judgement, and the fact that the willingness element of the default is disputable given issues of overly broad and burdensome discovery, the nuances of the technology involved in the requested discovery, and Johnson's expression of willingness to comply, good cause exists to set aside the District Court's default, which provides a likelihood of the success of an appeal on the merits.

18. After entry of the default judgment, the district Court proceeded to calculate damages on a basis that violated constitutional standards. The Supreme Court has held that "the most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct" and has "instructed courts to determine the reprehensibility of a defendant by considering whether: the harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; the target of the conduct had financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit, or mere accident." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419, 123 S. Ct. 1513, 1521 (2003). The punitive damages issues by the District Court did not meet these standards, as the harm caused to the plaintiff, if any, was purely economic, stemmed from alleged conduct that had no impact on the plaintiff's safety, lacked any financial vulnerability, involved a single business relationship, and was ultimately the result of changes in market conditions and the plaintiff's company's business contacts. See ECF No. 73. Given that the District Court erred in its punitive damages calculations and violated Constitutional standards in doing such, the appellant holds a likelihood of success on the merits.

19. Additionally, during the District Court case, Johnson raised the issue of conflict of interest with opposing counsel maintaining an imputed conflict through the management of his family trust. ECF 63, p 17, 1-9. Because "the national standards of attorney conduct forbid a lawyer from bringing a suit against a current client without the consent of both clients", the District Court's failure to properly address this conflict during the case caused undue prejudice towards Johnson and significantly impairs the validity of the judgment. *In re Dresser Indus., Inc.*, 972 F.2d 540, 545 (5th Cir. 1992).

20. Taken together, the burdensome discovery orders that served as a basis for the default judgment, unequitable calculation of damages, and unaddressed conflict issues with opposing counsel "present a substantial case on the merits" that "[weigh] heavily in favor of granting the stay". *Ruiz* at 565.

## II. Probability of Irreparable Injury Absent a Stay Order

21. In examining the standard for irreparable injury, the Fifth Circuit has held that "[s]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *Hanna v. Lynn*, No. 92-9541, 1993 U.S. App. LEXIS 39363, at *3 (5th Cir. Sep. 22, 1993). Appellant Johnson easily fits that standard given the conflict of interest issues that were risen and unaddressed by the District

Court, as opposing counsel has an imputed conflict with the management of his family trusts, which rises well beyond an unfounded fear and clearly has an impact on his financial wellbeing and familial relationships. ECF 63, p 17, 1-9. Failure to grant a stay in this case would cause irreparable injury to Johnson's financial wellbeing, interests his family trust, and would serve to further amplify the level of harassment he has experienced from opposing counsel.

### III. Whether the Issuance of a Stay Will Substantially Injure Other Parties

22. The issuance of a stay in this case will not substantially injure the opposing party. In the District Court case, the plaintiffs maintained that the alleged injury suffered was restricted to reputational damage, fee income, and earned media. See ECF No. 73, p. 23, 7, p. 38, 4-7, p. 69, 9-13. The plaintiff also maintained that these alleged losses and damages could not be obtained back. See ECF No. 73, p. 208, 19-23. Given that a stay would only have the effect of preserving the status quo of the parties prior to the case and would have no impact on restoring the earned media, reputation, and fee income that the plaintiff lost as a result of the defendant's alleged conduct, other parties will not be injured.

### IV. Where the Public Interest Lies

23. The public interest in this appeal weighs strongly in favor of granting the defendant's motion to stay. Almost the entirety of the issues presented by the plaintiff in this case stem from his, his company's, and the defendant's relationship with the company Clearview AI. See ECF No. 73, p. 41, 19-24. Much of this public interest can be shown through the financial posture of Clearview AI in light of numerous cases related to privacy violations that it is facing both in the US and abroad. In the US, Clearview AI has been the subject of a multi-district litigation concerning privacy rights under the Illinois Biometric Information Privacy Act (BIPA). See *In Re: Clearview AI, Inc. Consumer Privacy Litigation*, No. 1:21-cv-00135 (N.D. Ill.). Additionally, Austrian courts have deemed the use of Clearview AI as illegal. See *Austrian DPA v. Clearview.AI*, DSB (Austria) - 2022-0.277.156. Because so many of the issues in this case ultimately stem from the defendant's involvement in Clearview AI and his reporting on the company, and that the company has been the subject of human rights and data privacy concerns both in the US and in foreign jurisdictions, there is a strong public interest in granting the stay as it will maintain the posture of both parties and will obviate the danger that the defendant, who is working in the public interest through his First Amendment protected reporting, faces through continued harassment, having to worry about the safeguarding of family assets, and the severe and unjustified financial burden imposed through the judgment.

## CONCLUSION

24. In conclusion, the defendant's motion to stay should be granted because his appeal presents a strong likelihood of success on the merits due to conflict of interest issues that went unaddressed by the District Court, the erroneous entry of a default judgment by the District Court, and the excessive calculation of damages that violated Constitutional standards. The defendant would suffer irreparable harm should a stay not be granted because it would have a severe impact on his safeguarding of family assets and would lead to continued harassment by plaintiff's counsel. The plaintiff would not be harmed by the granting of a stay order because any alleged harms suffered are not made whole by the judgment, which seeks to impose exclusively monetary damages. Additionally, the public interest weighs strongly in favor of granting the motion in favor of the defendant given his public advocacy surrounding Clearview AI and the documented public interest in human rights violations and data privacy violations by the company.

25. Additionally, defendant further requests that the motion to stay be granted without the requirement of a bond. Initially, the defendant moved in the District court to have the judgment stayed without the requirement of a bond. The requirement of the posting of a bond remains within the discretion of the court. In the case that the court does require the posting of a bond, the defendant requests

alternatively having to pledge assets to a Federal escrow account, as he had

initially requested in his motion with the District Court and his initial motion with

the Court of Appeals.

## RECORD FOR MOTION

26. In addition, the following portions of the district court record are attached, as

required by Rule 8(a)(2)(B)(iii) of the Federal Rules of Appellate Procedure:

      a. The order dated October 28, 2025;

      b. The order dated October 1, 2025;

      c. The judgment dated July 29, 2025.

          Dated: October 31, 2025         Respectfully submitted,

                                  /s/ Charles Johnson

                                  1624 Fieldthorn Drive Reston, VA 20194

# EXHIBIT A

# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2025

Lyle W. Cayce
Clerk

No. 25-10919

POINT BRIDGE CAPITAL, L.L.C.; HAL LAMBERT,

*Plaintiffs—Appellees,*

*versus*

CHARLES JOHNSON,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-988

UNPUBLISHED ORDER

Before STEWART, WILLETT, and WILSON, *Circuit Judges.*
PER CURIAM:

Pro se appellant Charles Johnson moves to stay enforcement of the district court's $71 million judgment against him pending disposition of his appeal. When seeking a stay pending appeal, a movant must "present a substantial case on the merits." *Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362, 373 (5th Cir. 2023) (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. Unit A 1981) (per curiam)); *see also Nken v. Holder*, 556 U.S. 418, 426 (2009) (instructing courts to consider "whether the stay applicant has

No. 25-10919

made a strong showing that he is likely to succeed on the merits"). Johnson has not made that showing. His motion does not indicate the grounds for his appeal, and his notice of appeal states only that he is appealing "from the Final Judgment . . . and from all orders and rulings adverse to" him. Accordingly, Johnson's motion for a stay must be denied. However, our denial does not prevent Johnson from making a renewed motion that demonstrates his likelihood of success on the merits of his appeal and complies with the requirements of Federal Rule of Appellate Procedure 8(a)(2).

IT IS ORDERED that the Appellant's motion to stay enforcement of the district court's judgment is DENIED.

2

# *United States Court of Appeals*

### FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

October 28, 2025

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

      No. 25-10919   Point Bridge Capital v. Johnson
                USDC No. 4:24-CV-988

Enclosed is an order entered in this case.

                Sincerely,

                LYLE W. CAYCE, Clerk

                By: _____
                Jasmine J. Forman, Deputy Clerk

Mr. Charles Johnson
Ms. Karen S. Mitchell
Mr. William Bennett Thompson

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

POINT BRIDGE CAPITAL, LLC,
ET AL.,

    Plaintiffs,

v.                                                            No. 4:24-cv-00988-P

CHARLES JOHNSON,

    Defendant.

### ORDER

    Before the Court is Defendant Charles Johnson's Motion to Stay Enforcement of Judgment Without Bond ("Motion"). ECF No. 113. Johnson's Motion requests that the Court stay enforcement of the judgment so that he can "complete transactions necessary for [his] defense and safekeeping of family assets." *Id.* Having reviewed the Motion and the applicable law, the Court concludes that the Motion should be, and it is hereby, **DENIED**.

    **SO ORDERED** on this **1st day of October 2025.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

POINT BRIDGE CAPITAL, LLC,
ET AL.,

    **Plaintiffs,**

v.                   **No. 4:24-cv-00988-P**

CHARLES JOHNSON,

    **Defendant.**

## FINAL JUDGMENT

This final judgment is issued pursuant to Federal Rule of Civil Procedure 58(a). The Clerk of the Court shall transmit a true copy of this judgment to the parties. In accordance with the Jury's Verdict and the Court's rulings, judgment is hereby entered in favor of Plaintiffs as follows:

For Defendant's predicate acts constituting a pattern of racketeering activity, the jury found that Plaintiff Hal Lambert is entitled to recover $7,500,000.00. Pursuant to 18 U.S.C. § 1964(c), this RICO award must treble, entitling Plaintiff Lambert to **$22,500,000.00**.

For Defendant's predicate acts constituting a pattern of racketeering activity, the jury found that Plaintiff Point Bridge Capital is entitled to recover $8,000,000.00. Pursuant to 18 U.S.C. § 1964(c), this RICO award must treble, entitling Plaintiff Point Bridge Capital to **$24,000,000.00**.

For the general and specific damages that were proximately caused by Defendant's defamatory statements, the jury found that Plaintiff Lambert is entitled to recover **$9,500,000.00**.

For Defendant's fraud, malice, or gross negligence, the jury also awarded Plaintiff Lambert exemplary damages in the amount of **$15,000,000.00**.

For these reasons, and in accordance with Federal Rule of Civil Procedure 58 and the Court's inherent authority, it is **ORDERED** that Plaintiff Lambert shall recover **$47,000,000.00** from Defendant Johnson. Furthermore, it is **ORDERED** that Plaintiff Point Bridge Capital shall recover **$24,000,000.00** from Defendant Johnson.

Further, it is **ORDERED** that Plaintiffs shall recover from Defendant Johnson the cost of the suit and reasonable attorney's fees. On due consideration of the hours and expenses incurred in pursuing the compensable claims, it is **ORDERED** that Plaintiffs shall collectively recover **$1,033,130.00** in fees and costs from Defendant Johnson.

**SO ORDERED** on this **29th day of July 2025.**

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE



ORIGIN ID:TSGA    (617) 429-4718
CHARLES JOHNSON

45 COLUMBINE ROAD

MILTON, MA 02186
UNITED STATES US

SHIP DATE: 31OCT25
ACTWGT: 0.50 LB
CAD: 6571932/ROSA2670

TO **US 5TH CIRCUIT COURT OF APPEALS**
**CLERK'S OFFICE**
**600 S MAESTRI PL**
**STE 115**
**NEW ORLEANS LA 70130**

(617) 429-4718        REF:
INV:
PO:                    DEPT:

FedEx
Express

E

REL#
3786346

TUE – 04 NOV 5:00P
** 2DAY **

TRK# **8856 5875 8100**
0201

**SS MSYAG**

NEWA 70130
LA-US    MSY





188-0