No. 25-10919

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Point Bridge Capital, L.L.C.; Hal Lambert,
Plaintiffs - Appellees

v.

Charles Johnson,
Defendant - Appellant

Appeal from United States District Court for
the Northern District of Texas (Fort Worth Division)
No. 4:24-CV-988 (Hon. Mark T. Pittman)

**APPELLEES POINT BRIDGE CAPITAL AND HAL LAMBERT'S
MOTION TO SUPPLEMENT THE RECORD ON APPEAL**

Will Thompson
DLA PIPER LLP (US)
1900 N. Pearl Street
Dallas, Texas 75201
Telephone: (406) 546-5587
will.thompson1@us.dlapiper.com

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellees: | Counsel for Appellees: |
|---|---|
| Hal Lambert | William Thompson of DLA Piper, L.L.P. (US) Dallas, TX |
| Point Bridge Capital, L.L.C. | William Thompson of DLA Piper, L.L.P. (US) Dallas, TX |

| Appellants: | Counsel for Appellants: |
|---|---|
| Charles Johnson | Charles Johnson Reston, VA |

/s/William Bennett Thompson
William Thompson

*Attorney of Record for Appellees*

## MOTION

Appellees Point Bridge Capital LLC and Hal Lambert ("Point Bridge") respectfully move this Court, pursuant to Federal Rule of Appellate Procedure 10(e) to supplement the record on appeal with the entire record before the trial court in this matter, *Point Bridge Capital v. Johnson*, No. 4:24-cv-0988 (N.D. Tex.) and to suspend the briefing schedule until the record is supplemented.[1] Point Bridge files this motion today because it has just received the transcript of the November 20, 2025 hearing where the trial court ordered Appellant Charles Johnson held in civil contempt, which is a key part of the post-judgment record it seeks to supplement.

Johnson's current incarceration stems from his willful obstruction of the trial court's post-judgment discovery orders as Point Bridge seeks to collect on the $71 million judgment entered after a jury found in Point Bridge's favor. That post-judgment obstruction follows the same pattern of misconduct that occurred before trial, when the district court struck Johnson's pleadings after he repeatedly refused to participate in discovery. The order striking Johnson's pleadings is one of the primary issues on appeal.

---

[1] Point Bridge has not been able to confer with Johnson regarding this motion because he is currently incarcerated in the Johnson County, Texas jail, where he has been held since November 20, 2025. *See* ECF No. 142, No. 4:24-CV-0988 (N.D. Tex.).

The current record on appeal does not include the complete record before the district court. Accordingly, Point Bridge seeks supplementation of the appellate record to include the district court's post-judgment docket—specifically docket entries 113 through 156—and any related transcripts and orders that are part of the district court record in *Point Bridge Capital v. Johnson*, No. 4:24-cv-0988 (N.D. Tex.). These materials include post-judgment motions to compel, motions seeking enforcement and orders to show cause, contempt-related filings and orders, receiver-related filings and orders, and the transcript of the November 20, 2025 hearing at which the district court ordered Johnson taken into custody and explained its prior sanctions rulings.

Supplementation is proper under Rule 10(e) because Johnson argues that the district court abused its discretion by striking his pleadings. The post-judgment filings and orders show that Johnson's refusal to comply with discovery and court orders did not stop and that lesser measures continued to fail. The November 20, 2025 hearing transcript, in particular, contains the district court's on-the-record explanation of why it struck Johnson's pleadings and why contempt enforcement, including incarceration, was necessary. Those materials directly inform the issues Johnson raises on appeal.

Finally, Point Bridge requests that the briefing schedule be suspended until the record is complete because proceeding on an incomplete record would risk inefficiency and unnecessary re-briefing.

## CONCLUSION

For these reasons, Point Bridge respectfully requests that the Court order the record on appeal supplemented as described above and suspend the briefing schedule until supplementation is completed.

Dated: December 12, 2025

Respectfully submitted,

/s/ *Will Thompson*
Will Thompson
DLA PIPER LLP (US)
Will Thompson
State Bar No. 24094981
will.thompson1@us.dlapiper.com
1900 N. Pearl Street
Dallas, Texas 75201
Telephone: (406) 546-5587

COUNSEL FOR APPELLEES

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2025, a true and correct copy of the foregoing was served via the Court's CM/ECF system and the undersigned will attempt to provide a copy to Johnson at an upcoming hearing before the trial court on December 16, 2025.

/s/ *Will Thompson*
Will Thompson

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), and 5th Cir. R. 32.1: this document contains 511 words.

This document complies with the typeface requirements of F$_{\text{ED}}$. R. A$_{\text{PP}}$. P. 32(a)(5), and 5th C$_{\text{IR}}$. R. 32.1 and the type-style requirements of F$_{\text{ED}}$. R. A$_{\text{PP}}$. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font

/s/ *Will Thompson*
Will Thompson