Re: Case 25-10914
In Appeal From No. 4:24-CV-988 (Judge Mark Pittman)

*U.S. COURT OF APPEALS RECEIVED JAN 13 2026 FIFTH CIRCUIT*

Motion to Preserve Rights for Further Litigation,
Reforms of Lower Court Conduct

Whereas it having been made clear that Defendant is a target of a malicious prosecution Defendant asserts his rights to pursue a later claim against Plaintiff, Plaintiff's financial backers, Plaintiff's lawyer, Plaintiff's law firm(s) and any others as may be necessary to make Defendant whole after the manifest procedural, legal, and civil rights violations that took place in the matter of Point Bridge Capital v. Johnson.

This letter is to notify the Court of the 5th Circuit that Defendant intends to pursue his legal rights as may be necessary under law and will enter into settlement talks to make him whole in good faith. In point of fact, despite Judge Pittman's demand for Defendant to get a lawyer,[1] It should never have been necessary for Johnson to have retained counsel and the 5th Circuit should make it easier for defendants who are pro se to get the resources they need to file responses, to get access to writing materials, and to defend their rights. It is Defendant's view that the legal issues surrounding Johnson County Jail such as federal charges against the Sheriff, should have also precluded Johnson being sent there in the first place. Defendant also requests information from the Court about filing a Bar Complaint against Plaintiff's Counsel for unethical conduct undertaken during this process. Appropriate steps should also be taken in the future so that Defendants who are the victim of malicious prosecution do not have to resort to expensive travel & lodging demands. It is perfectly reasonable to have conducted this entire matter through digital means. Having it recorded on video would have been useful for subsequent suits.

I affirm that the following is true under penalty of perjury.

Charles Johnson

*Charles Johnson*

#202503307, illegally detained Day 46

P.S. The Court receiver Vedder Price also had a duty of care to report Johnson's assault to the Court when they observed his black eye. Defendant preserves his rights there as well. It should not have been December 16, 2025 when Defendant first met Ainsley

[1] the first and only time we appeared John

Johnson County Jail
1900 Ridgemar
Cleburne, TX 76031
Charles Johnson
# 202503307

Case No. 25-10919
Legal Mail: Office of the Clerk (Lyle W. Cayce)
600 S. Maestri Place Suite 115
New Orleans, LA 70130

NORTH TEXAS TX P&DC
DALLAS TX 750
9 JAN 2026 PM 8 L

INMATE MAIL

70130-344040