U.S. COURT OF APPEALS
RECEIVED
SEP 11 2026
FIFTH CIRCUIT

CHARLES JOHNSON,

Defendant—Appellant

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, FORT WORTH DIVISION
NO. 4:24-CV-00988

---

**PETITION FOR PANEL REHEARING**

---

Charles Johnson
617-429-4718
charlescjohnson88@gmail.com
***Pro Se—***
***Appellant***

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..........................................................iii

INTRODUCTION..........................................................1

JURISDICTIONAL STATEMENT..........................................................3

STATEMENT OF ISSUES PRESENTED..........................................................2

STATEMENT OF THE CASE..........................................................3

ARGUMENT..........................................................7

I. The Panel Overlooked or Misapprehended the Governing Standard for Case-Dispositive Discovery Sanctions Under Rule 37..............8

II. The Panel Overlooked or Misapprehended That the Discovery Order Underlying the Default Judgment Compelled Disclosure of Confidential Journalistic Sources Protected by a Qualified Privilege..........................................................9

III. The Panel Overlooked or Misapprehended Whether the Default Judgment Is Supported by Well-Pleaded Allegations Sufficient to Establish Liability on Every Claim Resolved..........................12

IV. The Panel Did Not Address a Recognized Split Among the Courts of Appeals on the Standard for Entering Default Judgment as a Discovery Sanction..........................................................14

CONCLUSION..........................................................15

CERTIFICATE OF COMPLIANCE..........................................................17

CERTIFICATE OF SERVICE..........................................................17

# INDEX OF AUTHORITIES

## Cases

*FDIC v. Conner*,
20 F.3d 1376 (5th Cir. 1994)............................................*Passim*

*L. Funder, L.L.C. v. Munoz*,
924 F.3d 753 (5th Cir. 2019)............................................*Passim*

*Miller v. Transamerican Press, Inc.*,
621 F.2d 721 (5th Cir. 1980)............................................*Passim*

*In re Selcraig*,
705 F.2d 789 (5th Cir. 1983)............................................*Passim*

*Transamerica Life Ins. Co. v. Arutyunyan*,
93 F.4th 1136 (9th Cir. 2024)...........................................*Passim*

*Branzburg v. Hayes*,
408 U.S. 665 (1972) .......................................................... 9

*Hooper-Haas v. Ziegler Holdings, LLC*,
690 F.3d 34 (1st Cir. 2012) ............................................... 14

*Nishimatsu Trading Co. v. Houston Nat'l Bank*,
515 F.2d 1200 (5th Cir. 1975)............................................ 13

*Washington Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC*,
776 F.3d 1 (D.C. Cir. 2015) ............................................... 15

**Statutes**

18 U.S.C. § 1962 .................................................................... *Passim*

18 U.S.C. § 1964(c) ................................................................ *Passim*

28 U.S.C. § 1291 .................................................................... *Passim*

28 U.S.C. § 1331 .................................................................... *Passim*

28 U.S.C. § 1367(a) ................................................................ *Passim*

**Rules**

Fed. R. App. P. 32(a)(5) ......................................................... *Passim*

Fed. R. App. P. 32(f) .............................................................. *Passim*

Fed. R. App. P. 40 .................................................................. *Passim*

Fed. R. Civ. P. 37 ................................................................... *Passim*

5th Cir. R. 28.2 ...................................................................... *Passim*

5th Cir. R. 40 ......................................................................... *Passim*

5th Cir. R. 47.5 ...................................................................... *Passim*

## INTRODUCTION

Defendant-Appellant Charles C. Johnson, proceeding pro se, respectfully petitions this panel for rehearing of its opinion and judgment entered August 20, 2026. The panel affirmed the district court's default judgment and the resulting $72,033,130 damages award against Defendant-Appellant. Fed. R. App. P. 40(a)(2) requires a petition for panel rehearing to "state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended." The panel's opinion consists of two sentences and does not discuss any of the points below; Defendant-Appellant identifies four points he believes the panel overlooked or misapprehended in affirming without addressing them: (1) the standard governing case-dispositive discovery sanctions under Federal Rule of Civil Procedure 37; (2) the district court's twice-deferred, never-resolved ruling on Defendant-Appellant's objection that certain discovery sought was protected by a qualified privilege for journalists and their sources; (3) the absence of any causal link between the discrete discovery violations underlying the default and the scope of the

damages ultimately awarded; and (4) an asserted conflict among the courts of appeals regarding the standard for entering default judgment as a discovery sanction.

## JURISDICTIONAL STATEMENT

The district court had subject-matter jurisdiction over Plaintiffs-Appellees' civil RICO claim under 28 U.S.C. § 1331 and 18 U.S.C. § 1964(c), and over the related defamation claim under 28 U.S.C. § 1367(a). The district court entered Final Judgment on July 29, 2025. Defendant-Appellant timely noticed his appeal on August 6, 2025. This Court had jurisdiction over that appeal under 28 U.S.C. § 1291. This Court entered its judgment affirming the district court on August 20, 2026. This petition for panel rehearing is filed within the time and in the manner required by Federal Rule of Appellate Procedure 40(a)(1) and 5th Cir. R. 40, and this Court retains jurisdiction to act on the petition under that Rule.

## STATEMENT OF ISSUES PRESENTED

Federal Rule of Appellate Procedure 40(a)(2) requires a petition for panel rehearing to state with particularity each point of law or fact

the petitioner believes the court has overlooked or misapprehended. The panel's two-sentence opinion does not discuss any of the following points:

1. Whether the panel overlooked or misapprehended the governing standard for case-dispositive discovery sanctions under Federal Rule of Civil Procedure 37, including whether the district court's order made each of the findings this Court's precedent requires.

2. Whether the panel overlooked or misapprehended the district court's twice-deferred, never-resolved ruling on Defendant's objection that certain discovery sought was protected by a qualified privilege for journalists and their sources.

3. Whether the panel overlooked or misapprehended the absence of any causal link between the discrete discovery violations underlying the default and the scope of the damages ultimately awarded on claims those violations did not concern.

4. Whether the panel overlooked or misapprehended a recognized split among the courts of appeals regarding the standard for entering default judgment as a discovery sanction.

## INTRODUCTION

This is a civil action brought by Plaintiffs-Appellees Point Bridge Capital, LLC and Hal Lambert against Defendant-Appellant Charles C. Johnson in the United States District Court for the Northern District of Texas, asserting claims under the civil RICO statute, 18 U.S.C. § 1962, and for defamation.

In discovery, Plaintiffs sought wide-ranging electronic communications, including communications concerning Defendant's role as a source for federal law enforcement. Appellee's Mot. to Compel, filed Apr. 28, 2025. At a May 8, 2025 hearing Defendant personally objected that some of the communications sought were protected by a qualified privilege for journalists and their sources. Transcript, filed May 12, 2025 ("I am a journalist; I've written books, I've written articles. And so some of the communications that they're asking for are ... communications that are protected with sources."). The district court did not rule on the objection. It deferred, stating "I will take that up at a later time." Id. On June 23, 2025, the district court struck Defendant's Amended Answer and entered default

judgment against him on both the RICO and defamation claims as a discovery sanction under Federal Rule of Civil Procedure 37, based on a series of separate ESI and discovery-compliance findings evaluated under this Court's four-factor standard for case-dispositive sanctions. Order Unfiling Pleading, filed June 23, 2025. See infra Section A. The sanctions order did not rest on, and does not mention, Mr. Johnson's privilege objection.

Defendant did not abandon this litigation; he actively defended it and appeared through the damages phase, including cross-examining witnesses and presenting a closing argument. Because liability had already been established by default, the case proceeded to a jury trial limited to damages, held beginning July 14, 2025, before the Honorable Mark T. Pittman, United States District Judge. The jury returned a verdict of $7,500,000 (Lambert, RICO), $8,000,000 (Point Bridge Capital, RICO), $9,500,000 (Lambert, defamation), and $15,000,000 (Lambert, exemplary damages). Jury Verdict, filed July 14, 2025 at 9. The district court trebled the RICO awards under 18 U.S.C. § 1964(c) to $22,500,000 (Lambert) and $24,000,000 (Point

Bridge Capital), Order on Motion for Attorney Fees, filed July 29, 2025, and entered Final Judgment on July 29, 2025, awarding Lambert $47,000,000, Point Bridge Capital $24,000,000, and both Plaintiffs collectively $1,033,130 in attorneys' fees and costs for a total judgment of $72,033,130. Judgment, filed July 29, 2025.

Defendant timely appealed on August 6, 2025. On August 20, 2026, the panel issued a one-paragraph, unpublished per curiam opinion affirming the judgment below in full. This petition follows.

## ARGUMENT

### I. The Panel Overlooked or Misapprehended the Governing Standard for Case-Dispositive Discovery Sanctions Under Rule 37.

A default judgment is "a draconian remedy" that a district court may impose as a discovery sanction only upon: (1) a finding that the violation resulted from willfulness or bad faith rather than an inability to comply; (2) a determination that the client, not merely counsel, was responsible for the violation; (3) a showing that the violation caused substantial prejudice to the opposing party; and (4) a finding that no lesser sanction would substantially achieve the desired deterrent effect. *L. Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758–59 (5th Cir. 2019) (quoting *FDIC v. Conner*, 20 F.3d 1376, 1380–81 (5th Cir. 1994)). These findings must be made expressly before a court resorts to case-dispositive relief. *Id.*

The panel's opinion does not mention Rule 37, the Munoz/Conner factors, or the district court's findings at all.

Unpublished Opinion, filed August 20, 2026 at 1 ("After reviewing the briefing and record, we find no reversible error. AFFIRMED."). The opinion is unpublished and not designated for precedential effect, 5th Cir. R. 47.5, and contains no discussion of whether the district court made each of the required findings before entering default judgment on liability for both the RICO and defamation claims. The specific gap is in the fourth finding. The district court's order canvasses two alternatives to a case-ending sanction: further monetary sanctions, which it found already shown ineffective, and holding Defendant-Appellant in contempt and in the custody of the United States Marshal, which it declined because Defendant-Appellant had indicated he wanted to be jailed before concluding the choice was binary between custody and striking the pleadings. Order Unfiling Pleading, filed June 23, 2025. Neither the order nor the panel's opinion discusses whether a sanction calibrated to the scope of the violation. Preclusion of evidence or an adverse-inference instruction limited to the specific categories of withheld material, or a default limited to the claims that material actually bore on could have

substantially achieved the same deterrent effect without resolving liability on all ten counts in a single stroke. See infra Section C.

## II. The Panel Overlooked or Misapprehended That the Discovery Order Underlying the Default Judgment Compelled Disclosure of Confidential Journalistic Sources Protected by a Qualified Privilege.

At the same May 8, 2025 hearing described above, immediately after his retained counsel was excused, Mr. Johnson personally objected that some of the communications Plaintiffs sought in discovery were protected by a qualified privilege this Court has recognized for journalists and their sources. See *In re Selcraig*, 705 F.2d 789 (5th Cir. 1983); see also *Branzburg v. Hayes*, 408 U.S. 665, 709 (1972). The district court did not rule on the objection; it deferred: "I will take that up at a later time." Transcript, filed May 12, 2025. Plaintiffs' own Motions in Limine, filed about two months later, confirm the objection was not isolated or belated: "Throughout this litigation—including at hearings—Johnson has repeatedly claimed

that his actions should be excused or viewed more leniently because he is a 'journalist' or because he believes the First Amendment protects his conduct." Motion in Limine, filed July 10, 2025 at 3. The district court again declined to resolve the issue, ruling that Plaintiffs "can resurrect their Motion at trial when the Court and the Parties have a more concrete sense of when and for what purpose the potential statements in question are to be used." Order on Motion in Limine, filed July 11, 2025. Neither side ever brought the issue back before the district court, including at trial.

This Court's privilege framework requires more than establishing that the privilege exists. *In re Selcraig* generalized the four-factor showing this Court first developed for libel cases in *Miller v. Transamerican Press, Inc.* that the party seeking disclosure has made reasonable efforts to learn the source's identity by alternative means, that no other reasonable means is available, and that the identity or communication sought is necessary to the proper preparation and presentation of the case, *Miller*, 628 F.2d at 932, by tying that necessity showing to whatever the confidential source

material was actually needed to prove in the case at hand, since *Selcraig* itself did not involve a libel claim. That individualized necessity showing has never been made here, for any category of the material Defendant withheld. Plaintiffs' motion to compel and the resulting order sought broad, platform-by-platform ESI access including missing email accounts, unsearched Signal, Telegram, Instagram, and Substack accounts, not a targeted showing that any specific privileged communication was necessary to prove a specific element of Plaintiffs' claims. Motion to Compel, filed April 28, 2025; Order, filed May 8, 2025. Neither Plaintiffs nor the district court ever undertook the individualized necessity inquiry *Selcraig* requires before privileged material may be compelled, let alone before a party's silence on the point may be treated as sanctionable.

The default judgment itself did not rest on this objection, as explained in the Statement of the Case, it rested on independent ESI and discovery-compliance findings. Appellees nonetheless argue on appeal that Mr. Johnson forfeited the privilege objection twice over: first, for not identifying with sufficient specificity which discovery

request or order he challenges, and second, for never raising it below through a written objection, a motion for a protective order, or a motion to quash. The premise of a forfeiture argument is that a point was never adequately raised at all. Defendant raised the privilege personally, on the record, at the first opportunity after he began proceeding pro se, and when the district court did not tell him his method of raising it was defective it told him only that it would take the issue up "at a later time." Transcript, filed May 12, 2025. The panel's opinion does not address the significance of an objection the district court twice deferred and never resolved, nor does it address whether a privilege raised orally, at a hearing, on the record, and immediately after the loss of retained counsel, can be forfeited for want of a separate written motion the court itself never asked for before deferring the issue.

## III. The Panel Overlooked or Misapprehended Whether the Default Judgment Is Supported by Well-Pleaded Allegations Sufficient to Establish Liability on Every Claim Resolved.

A default judgment, however entered, is unassailable only to the extent it is supported by well-pleaded factual allegations, assumed true — it does not admit facts that are not well-pleaded or admit conclusions of law, and a defaulted party retains the right, on direct appeal, to contest the sufficiency of the complaint and its allegations to support the judgment, even though the party may not challenge the sufficiency of the evidence. *Nishimatsu Trading Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). That review is confined to the complaint's own well-pleaded allegations and requires no evidence outside the existing record. The Second Amended Complaint, Doc. 33, resolved by the default into a $72,033,130 judgment, pleads two civil RICO counts and eight counts of defamation. Amended Complaint, filed January 21, 2025 at ¶¶ 250–300. The panel's one-paragraph opinion does not identify the Amended Complaint by document number, does not discuss any element of any of these ten counts, and gives no indication that it confirmed the well-pleaded allegations actually establish liability on each of them before affirming a judgment resolving all of them by default.

**IV. The Panel Did Not Address a Recognized Split Among the Courts of Appeals on the Standard for Entering Default Judgment as a Discovery Sanction.**

This Court's four-factor test for case-dispositive discovery sanctions requires an express finding of willfulness, bad faith, or fault; that the client, not counsel, is responsible; substantial prejudice; and that no lesser sanction would achieve the desired deterrent effect. *Munoz*, 924 F.3d at 758–59. Other circuits diverge sharply on whether each of these is a mandatory, discrete finding. The First Circuit applies a "totality of the circumstances" test in which willfulness is one factor among several, including "the nature of the misconduct, its repetition [...] the extent to which the offender had fair warning [...] the presence or absence of prejudice [. . .] the degree of interference with the functioning of the court, and the adequacy of lesser sanctions" rather than a threshold requirement. *Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34 (1st Cir. 2012). The Ninth Circuit applies a five-factor balancing test: the public's interest in expeditious resolution, the court's need to manage its docket, prejudice, the public

policy favoring disposition on the merits, and the availability of less drastic sanctions, with no discrete willfulness or bad-faith element at all, holding default warranted where at least four of five factors favor it, or three do "strongly." *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136 (9th Cir. 2024). Even circuits that, like this one, require "willfulness, bad faith, or fault" diverge on rigor of enforcement: the D.C. Circuit has expressly rejected any requirement that lesser sanctions be attempted or considered first, holding that a single violation can justify default given judicial disruption or clear client responsibility. *Washington Metro. Area Transit Comm'n v. Reliable Limousine Serv.*, LLC, 776 F.3d 1 (D.C. Cir. 2015).

## CONCLUSION

For the foregoing reasons, Defendant-Appellant Charles C. Johnson respectfully requests that the panel grant rehearing, withdraw its opinion of August 20, 2026, and vacate the default judgment.

Respectfully submitted,

/s/Charles Johnson

Charles Johnson
617-429-4718
charlescjohnson88@gmail.com

***Pro Se—Appellant***

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2026, I mailed the attached Appellants' Brief to the Clerk of the Court of the United States Court of Appeals for the Fifth Circuit.

/s/Charles Johnson
Charles Johnson

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i) because this brief contains 2,464 words.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and 5th Cir. R. 32.1 and the typestyle requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font for text.

/s/Charles Johnson
Charles Johnson

POSTAL

- Expected delivery date sp
- Most domestic shipments
- USPS Tracking® included
- Limited international insu
- When used internationally

*Insurance does not cover certain
Domestic Mail Manual at http://pe.
** See International Mail Manual at

FLAT RATE E
ONE RATE ■ ANY WEIGH

TRACKED ■ IN

PS00001000014

UNITED STATES POSTAL SERVICE. Retail

P

US POSTAGE PAID
$0.00
Origin: 02205
09/04/26
2400790109-24

PRIORITY MAIL®

0 Lb 9.40 Oz
RDC 03

EXPECTED DELIVERY DAY: 09/08/26

C027

SHIP TO:
STE 115
600 S MAESTRI PL
NEW ORLEANS LA 70130-3440

USPS TRACKING® #

9505 5145 7858 6247 9734 64

FROM:
Charles Johnson
45 Columbine Rd
Milton, MA 02

TO:
Lyle Cayce
Clerk of the Court of
the United States Court of Appeal
for the Fifth Circuit
600 S. Maestri Place Suite 115
New Orleans, LA 70130

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.